UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

1111 ROOFTOP, LLC DBA JUVIA,

    Plaintiff,

v.

GREENWICH INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant GREENWICH INSURANCE COMPANY, by and through undersigned counsel, pursuant to 28 U.S.C. sections 1332(a)(1), 1441(a) and 1446(b)(3), removes an action pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled *1111 Rooftop, LLC dba Juvia v. Greenwich Insurance Company*, Case. No. 2018-025920 CA 01, where Plaintiff 1111 Rooftop dba Juvia ("Plaintiff" or "Juvia") sued Defendant Greenwich Insurance Company ("Defendant" or "Greenwich), and states:

## TIMELY NOTICE OF REMOVAL

1. Plaintiff sued Greenwich in Miami-Dade County Circuit Court on July 31, 2018. The Complaint alleges one count for breach of contract arising out of a loss on September 29, 2016.

2. On August 21, 2018, the State of Florida Department of Financial Services served Greenwich with the Complaint by electronic delivery to Toni Ann Perkins, the

1

designated agent for Greenwich.[1]

3.  The Complaint is not removable on its face. It does not allege a specific sum of damages. It alleges only that the loss is in excess of $15,000.00, exclusive of costs, interest, and attorney's fees.

4.  Plaintiff submitted a pre-suit Sworn Proof of Loss ("SPOL")[2] on August 14, 2017 in the amount of $382,730.06. In *McManus v. National Fire & Marine Insurance Company*, Case No: 6:19-cv-367-Orl-41TBS (M.D. Fla. May 15, 2019)[3], the Middle District held that pre-suit correspondence, regardless of its reliability, cannot trigger the running of the thirty-day removal clock. In the *McManus* decision, the court noted that "[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge . . . to decide triggering of the 30-day removal period has held no." *Id.* (quoting *Sullivan v. Nat'l Gen. Ins. Online, Inc.*, 3:17-cv-13871-J032PDB, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) (collecting cases from ten different court of appeals). The Middle District further advised that "[t]hose courts have adopted a bright-line rule under which a court–to decide the triggering of the 30-day removal period–may look only at the pleading or any post-litigation 'other paper[ ]' from the plaintiff." *Id.* (internal citation removed).

5.  Greenwich also could not remove the Complaint within 30 days after receipt under 28 U.S.C. section 1446(b)(1) because, at that time, Greenwich could not determine the citizenship of all members of Plaintiff's limited liability company. The Complaint only alleges that "Plaintiff Juvia was an entity in Miami-Dade County,

---

[1] Composite Exhibit A. Notice of Service of Process, Summons, Complaint, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Production to Defendant and Plaintiff's Notice of Compliance with Rule 2.516(b)(1) and Designation of Email Addresses.
[2] Exhibit B. August 14, 2017 SPOL from Plaintiff.
[3] Exhibit C. A copy of the *McManus* decision.

2

Florida."[4] However, Plaintiff did not identify the citizenship of all members of the limited liability company. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen).

6. When Greenwich received the Complaint, it made efforts to determine the citizenship of all members of the limited liability company. Greenwich obtained the Articles of Organization and annual reports for the limited liability company. But the Articles of Organization do not list the individual members of the limited liability company. Instead, the Articles of Organization list the Registered Agent as Ellis Ged & Bodden P.A. The annual report from 2018, the year the lawsuit was commenced, lists the managers of the company as Jonas Millan, Michael Reyes, and Sunny Oh with the same address as the loss location.[5] Based on these corporate filings, Greenwich could not determine the citizenship of all individual members of the limited liability company. Greenwich pursued discovery on the citizenship issue as well as the amount in controversy.

7. On September 8, 2018, Greenwich served Plaintiff with its First Set of Interrogatories, requesting the specific dollar amount Plaintiff is seeking for the subject claim and the names and addresses for all members of the limited liability company.[6] Eight months later, on May 20, 2019, Juvia served verified answers to Defendant's First Set of Interrogatories.[7]

8. On April 5, 2019, Greenwich served Plaintiff with its Second Set of

---

[4] See Exhibit A at p. 4, ¶ 2.
[5] Composite Exhibit D. Articles of Organization and Annual Reports from 2018-2019.
[6] Exhibit E. Greenwich's First Set of Interrogatories to Plaintiff.
[7] Exhibit F. Plaintiff's Notice of Serving Verified Answers to Defendant's First Set of Interrogatories.

Interrogatories, requesting Plaintiff to identify the name of all members of the limited liability company and to identify the state citizenship for each member.[8] On May 20, 2019, Juvia served verified answers to Defendant's Second Set of Interrogatories.[9]

16. Plaintiff's verified interrogatory answers to both the first and second set of interrogatories establishes that Plaintiff is a citizen of Florida because all of its members are Florida citizens and also establishes that the amount in controversy exceeds $75,000.[10]

17. On May 20, 2019, Greenwich discovered that the case was removable based on complete diversity of citizenship between the parties.

18. Greenwich has 30 days from receipt of the discovery responses to remove. *See* 28 U.S.C. § 1446(b)(3); *See also, Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (discussing that a party must remove within 30 days of receiving the document that provides the basis for removal). Discovery responses shall be treated as an 'other paper' under subsection (b)(3). *See Lowery*, 483 F.3d at 1212 n. 62; *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434 at *4 (M.D.Fla., Nov. 18, 2005); *Field v. National Life Ins. Co.*, 2001 WL 77101 at *9 (M.D.Fla., Jan. 22, 2001).

19. A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless there is a finding that the plaintiff acted in bad faith in order to prevent a defendant from removing the action. *See* 28 U.S.C. § 1446(c)(1).

20. This Notice of Removal is filed timely. It is filed within 30 days of

---

[8] Exhibit G. Greenwich's Second Set of Interrogatories to Plaintiff.
[9] Exhibit H. May 20, 2019 Plaintiff's Notice of Serving Verified Answers to Defendant's Second Set of Interrogatories.
[10] Composite Exhibit I. Plaintiff's verified answers to Defendant's First Set of Interrogatories and Plaintiff's verified answers to Defendant's Second Set of Interrogatories.

Greenwich's receipt of Plaintiffs' verified answers to Defendant's First and Second Set of Interrogatories (May 20, 2019). The Notice of Removal is filed within 1 year after commencement of the action against Greenwich (August 21, 2018).

## VENUE

21. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because the state court action originated in Miami-Dade County, Florida.

## JURISDICTION

22. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. section 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Greenwich is entitled to remove this action, pursuant to 28 U.S.C. section 1441.

## COMPLETE DIVERSITY EXISTS

23. At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Plaintiff (a citizen of Florida) and Greenwich (not a citizen of Florida).

24. Greenwich is not a citizen of Florida. It is not incorporated under the laws of Florida and does not have its principal place of business in Florida. Greenwich is a corporation organized under the laws of Delaware, and its principal place of business is in Stamford, Connecticut. Accordingly, Greenwich is a citizen of Delaware and Connecticut for purposes of determining diversity under 28 U.S.C. section 1332(c)(1).

25. Plaintiff is a citizen of Florida. Plaintiff is a Florida limited liability company.

The Articles of Organization and the 2018 and 2019 Annual Reports list 1111 Rooftop, LLC's principal office in Miami, Beach Florida.[11] The current principal place of business is located in Miami Beach, Florida.[12] The 2018 and 2019 annual reports list Jonas Millan, Michael Reyes and Sunny Oh as the managing members.[13]

26.  Plaintiff's verified answers to Greenwich's First and Second Set of Interrogatories prove that all members of the limited liability company are Florida citizens. The members of the limited liability company are Jonas Millan, Michael Reyes and Sunny Oh.[14] All members of the 1111 Rooftop, LLC are citizens of Florida.[15] Therefore, 1111 Rooftop, LLC dba Juvia is a Florida citizen for purposes of diversity jurisdiction.

## **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

27.  Greenwich issued Plaintiff an insurance policy (the "Policy").

28.  Plaintiff presented a claim to Greenwich for damages to the insured property and loss of business income.

29.  Plaintiff sent Greenwich a pre-suit SPOL for amount of $382,730.06.[16]

30.  Pre-suit, Greenwich paid Plaintiff $174,552.13 for undisputed damages related to the loss.[17]

31. Greenwich made two additional payments to Plaintiff in the amount of $7,403.84 and $17,753.37.

---

[11] Composite Exhibit D.
[12] *Id.*
[13] *Id.*
[14] Composite Exhibit I at Verified Interrogatory Answer 5 to Defendant's First Set of Interrogatories and Verified Interrogatory Answer 1 to Defendant's Second Set of Interrogatories.
[15] *Id.*
[16] Exhibit B.
[17] Greenwich applied the Policy's $5,000 deductible and depreciation ($11,153.34) when it paid Plaintiff for undisputed damages.

32. In the verified answers to Defendant's First and Second Set of Interrogatories, Plaintiff states that its damages are in excess of $183,021.56.[18]

33. Greenwich bears the burden of establishing jurisdictional amount by a preponderance of the evidence. *See Lowery*, 483 F.3d 1184, 1209-11 (11th Cir. 2007). This Court may consider the notice of removal, as well as relevant evidence submitted. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

34. This Court may consider Plaintiff's verified discovery responses and post-suit demand as relevant evidence to determine whether the amount in controversy exceeds $75,000. *See Lowery*, 483 F.3d at 1212 n. 62; *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434 at *4 (M.D.Fla., Nov. 18, 2005); *Benstock v. Arrowood Indem. Co.*, 2011 WL 6314236 (M.D.Fla., Dec. 16, 2011).

35. The amount in controversy between Plaintiff and Greenwich for alleged damages related to the loss exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interest and costs. The amount in controversy is $183,020.72.[19]

## COMPLIANCE WITH 28 U.S.C. § 1446

36. Greenwich files copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. section 1446.

37. Pursuant to 28 U.S.C. section 1446(d), Greenwich provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all

---

[18] Exhibit I at Verified Interrogatory Answer 1 to Defendant's First Set of Interrogatories. The amount should actually equal $183,020.72. Greenwich believes there was a minor error in Plaintiff's counsel's calculation.

[19] This amount is the difference between Plaintiff's contractual damages under the Policy in the amount of $382,730.06 minus $199,709.34 paid by Greenwich to Plaintiff for undisputed damages related to the loss. If this Court considers the amount of attorney's fees incurred by Plaintiff at the date of removal, the amount in controversy is greater than $183,020.72. *See Donavan v. Liberty Mutual Ins. Co.*, 2016 WL 9525421 at *3 (M.D. Fla., June 17, 2016) (considering fees incurred at time of removal).

attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Attached to this notice is a copy of all process, pleadings, and orders served upon Greenwich, as required by 28 U.S.C. Section 1446(a).[20]

WHEREFORE, Greenwich Insurance Company respectfully requests that this Court exercise jurisdiction over this matter.

Dated this 12th day of June, 2019.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
Secondary:  hkerr@butler.legal
              bbroderick@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:     (813) 281-1900
Facsimile:     (813) 281-0900
Attorneys for: *Defendant, Greenwich Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via e-mail and via e-Portal (attached to Defendant Greenwich Insurance Company's Notice to State Court of Filing of Removal of Civil Action) to all counsel or parties of record on the Service List Below on June 12 2019, and also will be forwarded upon receipt of the

---

[20] Composite Exhibit J.

electronic notification generated by CM/ECF system to all counsel or parties of record on the Service List Below.

>John W. McLuskey, Esq.
>McLuskey, McDonald & Hughes, P.A.
>8821 SW 69th Court
>Miami, FL 33156
>eservice@mmlawmiami.com
>jmcl@mmlawmiami.com
>asantamaria@mmlawmiami.com
>*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　/s/ William R. Lewis
　　　　　　　　　　　　　　　　　　WILLIAM R. LEWIS, ESQ.